**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CORELANIUS T. PHILLIPS
ADC #99996                                                                                            PETITIONER

VS.                                           5:05CV00343 SWW/JTR

LARRY NORRIS, Director,
Arkansas Department of Correction                                                    RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

      3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## I. Introduction

Pending before the Court a Petition for a Writ of Habeas Corpus, under 28 U.S.C. § 2254 (docket entry #2), filed by Petitioner, Corelanius T. Phillips. On March 1, 2006, Respondent filed a Motion to Dismiss the Petition for Writ of Habeas Corpus (docket entry #11), to which Petitioner has filed two Responses.[1] (Docket entries #14 and #15.) Before addressing the merits of Respondent's Motion to Dismiss, the Court will briefly review the relevant procedural history giving rise to this habeas action.

On November 11, 1992, a Bradley County jury convicted Petitioner of capital murder and sentenced him to life imprisonment without the possibility of parole. (Docket entry #11, Ex. A.)

---

[1] Petitioner's Responses were captioned as "Motion for Summary Judgment" (docket entry #14), and "Motion for Judgment on the Pleadings" (docket entry #15). In these pleadings, Petitioner responded to the procedural arguments raised in the Motion to Dismiss, in addition to reasserting his arguments that he is entitled to relief on the merits. Because the Court recommends that Respondent's Motion to Dismiss be granted, the Court also recommends that Petitioner's dispositive "Motions," which should have been docketed as "Responses," be denied.

Petitioner appealed to the Arkansas Supreme Court, where he argued that his conviction should be overturned because he had "established his affirmative defense of insanity based on an intermittent explosive disorder so as to render the State's evidence of capital murder insubstantial and so as to warrant a directed verdict of acquittal." *Phillips v. State*, 314 Ark. 531, 532, 863 S.W.2d 309, 310 (1993). The Court rejected this argument on the merits and affirmed. *Id.* Thereafter, Petitioner did *not* pursue postconviction relief pursuant to Rule 37.

More than seven years later, on June 12, 2000, Petitioner filed a Petition for Writ of Coram Nobis with the Arkansas Supreme Court in which he argued that, because he was convicted by an eleven-person jury, the trial court should be reinvested with jurisdiction to reconsider his conviction. In making this request, Petitioner conceded that his trial counsel agreed, in open court, to an eleven-person jury. Because the jury composition was "fully known to everyone" in the courtroom, the Arkansas Supreme Court held that Petitioner's claim involved an error of law, which is not cognizable in a coram nobis proceeding. *Phillips v. State*, 2000 WL 1558132 (Ark. 2000) (unpublished *per curiam*). The Court also noted that "the jury issue could have been addressed in the trial court; and if not raised there by petitioner's counsel, petitioner could have raised the issue in a timely petition for postconviction relief pursuant to [Rule 37] claiming ineffective assistance of counsel." *Id.* at *2.

On April 4, 2005, Petitioner filed for state habeas corpus relief, pursuant to Ark. Code Ann. § 16-112-101 *et seq.*, in the Lee County Circuit Court. In his state habeas petition, Petitioner claimed that: (1) the commitment order was invalid on its face; (2) the trial court committed fundamental error and was without jurisdiction; (3) petitioner was denied due process and equal protection under the law; and (4) the sentence imposed was void and open to collateral attack. The state court denied relief, and Petitioner appealed to the Arkansas Supreme Court.

On November 3, 2005, the Court dismissed Petitioner's appeal, holding that Petitioner's arguments were "conclusory statements of law with no evidentiary facts to support his assertions and were insufficient to establish that the commitment was invalid on its face or that the trial court was without jurisdiction." *Phillips v. State*, 2005 WL 2886013 (Ark. 2005) (unpublished *per curiam*).

On December 13, 2005, Petitioner initiated this federal habeas action (docket entries #2 and #3), in which he asserts the following claims: (1) he was denied his right to jury trial because he was convicted by an eleven-person jury, without a waiver, in violation of the Arkansas Constitution and the Arkansas Rules of Criminal Procedure; (2) he was denied due process and equal protection because similarly situated defendants have had convictions reversed due to trial by less than twelve jurors; (3) the trial court committed "fundamental error" and was "without jurisdiction;" and (4) the judgment and commitment order was invalid, on its face, because he was not convicted by a "jury" as defined by the Arkansas Supreme Court.[2] (Docket entries #2 and #3.)  In Respondent's Motion to Dismiss, he contends that all of Petitioner's claims are barred by the statute of limitations and the doctrine of procedural default. (Docket entry #11.)

For the reasons set forth below, the Court recommends that Respondent's Motion to Dismiss be granted and that this case be dismissed, with prejudice.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides that a habeas petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §

---

[2] According to a partial transcript of a pretrial proceeding, one juror indicated that he had neck pain which prevented him from serving.  The trial court stated that "we agreed that we will try them by the survivors[,]" to which defense counsel responded: "We will try this case in front of eleven. Yes, sir." (Docket entry #3, Ex. B.)

2244(d)(1)(A). Where certiorari from the United States Supreme Court is not sought, the running of the statute of limitations, for purposes of § 2244(d)(1)(A), "is triggered. . . by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ [of certiorari]." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998), *cert. denied*, 525 U.S. 1187 (1999).

Notably, Petitioner's conviction and sentence were final well *before* the enactment of the AEDPA on April 24, 1996.[3] The Eighth Circuit has consistently held that, if a habeas petitioner's conviction became "final" *before* the AEDPA was enacted, the petitioner has a one-year "grace period," from the date of the enactment of the AEDPA (as opposed to the date on which the conviction became final), to file a federal habeas action. *See Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999). Thus, if a petitioner's state conviction became final anytime before April 24, 1996, he had until April 24, 1997, to file his habeas action in federal court. *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

Petitioner initiated this federal habeas action over eight years after the April 24, 1997 deadline. Thus, the Court concludes that the Petition was filed long after the one-year limitations period imposed by § 2244(d)(1).

The AEDPA also provides, however, that the one-year limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. §

---

[3]The Arkansas Supreme Court affirmed Petitioner's conviction on October 25, 1993. Petitioner had 90 days from that date, until January 24, 1994, to petition the United States Supreme Court for certiorari. Petitioner did not do so. In Petitioner's two Responses, he argues that, because he was convicted of an eleven-person jury, the state court judgment and commitment order was "null and void" and never "final" for purposes of appellate jurisdiction or for purposes of running the limitations period. Other than citing to several conclusory statements of law, Petitioner presents no coherent legal argument explaining why his judgment and commitment order, and the direct appeal therefrom, did not result in a final judgment for purposes of AEDPA.

2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal. *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). While Petitioner filed two postconviction motions, they were both filed well *after* AEDPA's limitations period had already run. Where a state post-conviction motion is filed under these circumstances, the filing has no statutory effect on tolling. *See Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (pendency of state post-conviction proceeding cannot have a tolling effect if it was filed *after* the expiration of the limitations period). Thus, Petitioner is not entitled to any statutory tolling in this case.

Finally, because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar, equitable tolling may be applicable. *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999). However, the Eighth Circuit has cautioned that "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003). Accordingly, equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," or when "conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 462 (8th Cir. 2000).

Petitioner has not articulated any "extraordinary circumstances" that explain his lengthy delay in pursuing post-conviction relief, or the untimely filing of this habeas action.[4] Neither has Petitioner established a claim of "actual innocence" to warrant equitable tolling under these circumstances. *See Flanders v. Graves*, 299 F.3d 974, 977-78 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003)

---

[4]Importantly, all of Petitioner claims flow from his apparent conviction by an eleven-person jury. Thus, the basis for Petitioner's claims was readily apparent at the time of trial.

(actual innocence may be relevant to equitable tolling where a petitioner shows some action or inaction on respondent's part that prevented him from discovering the relevant facts in a timely fashion or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations). Thus, the Court concludes that there is no basis for equitable tolling in this case.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's Motion for Summary Judgment (docket entry #14) and Motion for Judgment on the Pleadings (docket entry #15) be DENIED.

2. Respondent's Motion to Dismiss (docket entry #11) be GRANTED, and this case be DISMISSED, WITH PREJUDICE.

Dated this 30th day of January, 2007.

_____
UNITED STATES MAGISTRATE JUDGE